# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA HOPPER | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-610 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on July 1, 2008, claiming entitlement to disability benefits due to impairments in her back, knee, and legs; migraine headaches; depression; arthritis; high blood pressure; a thyroid impairment; and sleep apnea. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on November 20, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Donald Anderson, testified.

On June 14, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on July 23, 2011. Therefore, the June 14, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since June 1, 2008, her alleged disability onset date (20 C.F.R. 404.1571 *et seq.*).

3. The claimant has the following severe impairments: obesity with a BMI of 42 and degenerative joint disease (20 C.F.R. 404. 1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to lift and or carry 20 pounds up to 2 hours in an 8-hour workday ("occasionally") and 10 pounds up to 6 hours in an 8-hour workday ("frequently") and to stand and/or walk and to sit (with normal breaks) frequently with push and/or pull (including operation of hand and/or foot controls) unlimited, other than as shown for lift and/or carry with no postural, manipulative, visual, communicative, or environmental limitations established; i.e., the claimant can perform light work as defined in 20 C.F.R. 404.1567(b).

6. The claimant is capable of performing her past relevant work as a cashier at WalMart (20 C.F.R. 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2009, through the date of this decision (20 C.F.R. 404.1520(f)).

(T.R. 15-19).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236

(5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20

C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the **Fourth** step.

## ANALYSIS

Plaintiff's first point of error is that the ALJ did not properly consider how Hopper's obesity would impact her other severe impairments as required by SSR 02-1p. The ALJ retains the sole responsibility for determining an individual's RFC based on all of the relevant evidence, including the medical records, treating physician observations and the individual's description of his limitations. *See Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. §§ 404.1546(c); Social Security Ruling ("SSR") 96–8p, 1996 WL 374184. The task of weighing the evidence is the

4

province of the ALJ. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ specifically found, although obesity did not meet a listed impairment at this step, it did aggravate symptoms associated with her degenerative disc disease. However, her degenerative disc disease did not meet the prescribed listing.

The ALJ adequately discusses his ultimate analysis. The ALJ noted Plaintiff's 2008 hospitalization. He notes that she is able ambulate without any noticeable limp. She sat comfortably. She was able to bend easily. There was no lower back atrophy. He noted the consultative exam as well as the MRI in making his assessment. He cites to the State Agency physician's findings and gives his reasons for assigning no controlling evidentiary weight to Dr. O'Neal's opinion. He does acknowledge that, based on O'Neal's findings, Plaintiff is, to a degree, functionally limited. He then states that he acknowledges that the impairments noted do impact Plaintiff but not to the intensity, persistence, and limiting effects claimed.

At step 2, obesity is a "severe" impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities. *Id.* The ALJ found that Plaintiff's obesity was a "severe" impairment. SSR 02–1p does not, however, require the adjudicator to make any "assumptions about the severity or functional effects of obesity combined with other impairments." In fact, the ruling specifically provides that "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment" and instructs the adjudicator to evaluate each case based on the information in the case record. *Id.* The Court finds that the ALJ did not err in evaluating Plaintiff's obesity, either alone or in combination with Plaintiff's severe impairment and non-severe mental impairments.

Plaintiff also contends that the ALJ circumvented the legal standards of SSR 82-59 by considering her failure to lose weight. SSR 02-1p specifically states that, before failure to follow prescribed treatment for obesity can become an issue, there must first be a determination that the individual is disabled because of obesity or a combination of obesity and another impairment(s). There was no such finding in this case. Since the ALJ found her not disabled, any comment about failure to follow her doctor's advice was simply not relevant to the ultimate analysis and opinion as to her RFC.

However, The ALJ must determine the truthfulness and reliability of a claimant's subjective allegations. *Scharlow v. Schweiker,* 655 F.2d 645, 648–49 (5th Cir. 1981). The Court of Appeals for the Fifth Circuit has specifically held that an ALJ may consider a claimant's failure to follow prescribed treatment as a factor in the credibility analysis. *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). The Court finds that the ALJ's statements above relate directly to his credibility analysis and are not an attempt to circumvent the Commissioner's rules and regulations. In any event, Hopper's non compliance was one of many factors the ALJ noted in determining that she was not as limited as she claimed.

Plaintiff's next point of error is related to her second point. She claims that the ALJ failed to give notice that compliance with prescribed treatment would be an issue at the hearing. Since the ALJ found that obesity was not disabling, SSR 82-59 is not relevant to his ultimate analysis. As stated above, the ALJ was free to consider failure to lose weight in determining his credibility analysis, and no notice was required.

Plaintiff's last point of error is that, if she were limited to sedentary work, Grid Rule 20.11 would have directed a decision of disabled. Plaintiff argues that the "historic facts" of Hopper's age,

education, and work experience establish that Grid Rule 20.11 applies at all times pertinent to her claim. The Medical-Vocational Guidelines consist of three tables (for sedentary, light, and medium work) which may be consulted once a claimant's residual functional capacity is determined. The tables direct conclusions of disability or non-disability based upon a claimant's age, education, and previous work experience. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201-03 (2005). As stated above, an individual's RFC is within the province of the ALJ. The ALJ found that Plaintiff had the capacity for light work; therefore she was not disabled under Grid Rule 20.11.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 30th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE